Opinion issued June 10, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00190-CR




ELIJIO GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 916102




MEMORANDUM OPINION

          A jury convicted appellant Elijio Garcia of unauthorized use of a motor vehicle. 
After appellant pled true to two prior convictions, the trial court assessed punishment
at eight years imprisonment. In two points of error, appellant argues that the trial
court erred in precluding him from making effective closing arguments and in
denying effective cross-examination of a witness. In one cross-point, the State argues
that the trial court improperly admitted evidence of extraneous acts of a third party. 
We affirm.
Background
          In June 2002, Officer J. Castillo witnessed a driver hit a curb with his vehicle
as he drove down the street. After passing through a stop light, Officer Castillo
signaled the driver to pull over. The driver eventually stopped in a parking lot. 
Garcia exited the vehicle and met Officer Castillo at the rear of the vehicle. Officer
Castillo asked for identification and Garcia responded that he did not have any. 
Officer Castillo ordered Garcia to put his hands on the vehicle for a pat-down. Garcia
started to comply, but then ran away. 
          Officer Castillo chased him for a brief time, but then returned to his patrol car
to wait for additional officers and a canine unit. At one point during the chase,
Officer Castillo glimpsed Garcia wearing only underwear and socks. Shortly
thereafter, Garcia emerged from behind a house and walked directly toward Officer
Castillo, who immediately placed him under arrest. Garcia wore white socks and
jogging pants put on backwards, that were different from the clothes he had been
wearing at the time Officer Castillo initially stopped him. Before the arrest, Officer
Castillo learned that Garcia had been driving a stolen vehicle. 
Closing Argument
          Garcia contends that the trial court erred in limiting his closing jury argument. 
During his closing jury argument, the following occurred:
                    Appellant:  Is what you heard from Officer Castillo enough for
you to render a guilty verdict? It’s simply not
enough. Not in the face of what Pablo Huerta told
you about the time frame; not in the face of what
Ms. Castro told you about the fact that the car had
been vandalized before by someone that she admits
is not my client. Never seen him before, had no
reason to - - 
 
                    State:          Objection, Your Honor, that’s a misstatement of the
testimony.
 
                    Appellant:  She had no reason to believe my client had any
involvement in the altercation with her son that led
to that gang-related incident.
 
                    State:          Objection, Your Honor. Again, a misstatement of
the testimony.
 
                    Court:         Sustained.

          Garcia contends the trial court precluded him from arguing to the jury that
someone else may have had a motive to harm the complainant’s property. Garcia
asserts that the trial court’s error in disallowing the argument amounts to
constitutional error.
          Proper jury argument is: (1) a summary of the evidence; (2) a reasonable
deduction from the evidence; (3) an answer to the opponent’s argument; or (4) a plea
for law enforcement. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991).
          After reviewing the record, we conclude that the trial court properly sustained
the State’s objection to the closing argument. Although Ms. Castro testified that she
had no reason to believe that Garcia was involved in an altercation with her son, she
never testified that it was someone other than Garcia who vandalized her vehicle or
that he had no involvement in this earlier incident. Accordingly, Garcia’s closing
argument misstated Ms. Castro’s testimony and the trial court correctly sustained the
State’s objection. 
          In addition, the trial court did not instruct the jury to disregard Garcia’s closing
argument, nor did Garcia ever offer a bill of exception as to any further argument he
would have made. Thus, we conclude that the trial court did not preclude Garcia
from completing his closing argument to the jury. 
          Given our disposition on Garcia’s first point of error, it is unnecessary for us
to address the State’s cross-point of error. 
Cross-Examination
          Garcia also contends that the trial court erred in limiting his right to cross-examine a witness. He argues that counsel sought to show the existence of possible
bias of Officer Castillo causing him to make a faulty identification of Garcia. During
Garcia’s cross-examination of Officer Castillo, the following transpired:
                    Appellant:  Let me ask you this question: Had the canine officer
made the scene - - excuse me - - do you think it
would have been a helpful piece of information to
go ahead and have the dog smell the car and then see
if the dog were to actually alert on my client as the
possible driver of the car? Would that have been
good evidence to give to the jury?
 
                    Witness:      I really don’t know, ma’am, because I’m not a
canine officer, like I said. I’m not trained in that
area, what he could have done or may have done. I
don’t know if that would have been good for him to
do or not because - - I mean, you would have to ask
the canine officer, you know, because that’s his
specific job. I really couldn’t tell you that.
 
                    Appellant:  I’m not really asking you, I guess, about how the
dog works or how the dog makes the determination,
what I’m asking you is that obviously this case rests
solely on your identification of my client. You’d
agree with that?
 
                    Officer:       That’s correct.
 
                    Appellant:  No one else saw this person driving the car that
night except you?
 
                    Officer:       That’s correct.
 
                    Appellant:  And given that human beings are fallible sometimes,
to make mistakes, had the dog, then, been able to be
sort of a backup - -
 
                    State:          Objection, Your Honor. The officer already said it
was not within his personal knowledge or expertise.
 
                    Court:         Sustained.
 
                    Appellant:  Let me ask you this, Officer, You said you’ve been
on the force for 28 years, right?
 
                    Officer:       Yes, ma’am.
 
                    Appellant:  How many times have you used a canine unit to
capture a suspect in the course of those years? Just
a ballpark.
 
                    Officer:       Last - - I wasn’t a specialized unit prior to being in
patrol, so the last five years I used them one time on
patrol.
 
                    Appellant:  One time?
 
                    Officer:       Yes, ma’am.
 
                    Appellant:  Did you find that one time - - 
 
                    State:          Objection, Your Honor, to this whole line of
questioning.
 
                    Court:         Sustained.

          The State argues that Garcia waived his complaint because he neither made a
bill of exception, nor an offer of proof containing the trial testimony that he hoped to
elicit from the officer. We agree. 
          The record does not indicate that Garcia’s counsel made a bill of exception or
an offer of proof. Rule 33.2 requires a party to make a bill of exception about a
matter that would not otherwise appear in the record. Tex. R. App. P. 33.2. When,
as in this case, there is no bill of exception or offer of proof to show the facts Garcia
could have proved through cross-examination of an adverse witness, the issue has not
been preserved for appellate review. See Love v. State, 861 S.W.2d 899, 900–01
(Tex. Crim. App. 1993). Accordingly, Garcia has waived his complaint.
          Conclusion
          We affirm the judgment of the trial court.
 
Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).